J. P. PIERCE v. W. M. MOORE ET AL.

(No. 1137, Op. Book No. 2, p. 76.)

APPEAL from Dallas County.    Opinion by QUINAN, J.

§ **909.** *Judge's reasons; practice commended.*    Where a jury is waived, and the cause is tried by the judge, it is a commendable practice for the judge to place upon record the reasons upon which he based his judgment. It saves both counsel and the revising court the delay and trouble of an examination over points upon which, had they been thus shown, perhaps there would have been no further contest.    [Jordan v. Imthurn, 51 Tex. 276.]

§ **910.** *Ownership; possession of vendor; fraud.*    A full and free power of disposal of chattels is an essential and inherent incident of ownership, and the vendee has the same right to leave them in the possession of the vendor that he would have to take them into his own, or place them in the possession of a third person.    [Bryant v. Kelton, 1 Tex. 415; 4 Grattan, 422; Hobbs v. Bibbs, 2 Stewart (Ala.), 54.]    Such possession by the vendor might be evidence of fraud in the sale, but it might also be susceptible of easy explanation, and would not of itself be inconsistent with the *bona fide* ownership of the vendee.

§ **911.** *Sale of personal property; delivery.*    In a sale of personal property, actual delivery is not necessary to the transmission of the title.    By the contract of sale and present payment of the price, the purchaser acquires the right of property; and his right is not affected by the failure to take immediate possession.    And it is said: "As the dominion over a man's property belongs to him

and not to his creditors, they ought to be allowed to subject to their demands the right only which remains in him, and not that from which he has lawfully parted." [Bump on Fraudulent Sales, 103; Bryant v. Kelton, 1 Tex. 415; Benjamin on Sales, 226.]

May 6, 1880.                              Reversed and remanded.